JUNE TERM, 1892. 431

J., T. & K. W. Ry. Co. v. Frederick A. Garrison.—Opinion of Court.

JACKSONVILLE, TAMPA & KEY WEST RAILWAY COMPANY, APPELLANT, vs. FREDERICK A. GARRISON, APPELLEE.

Where the judgment as to the value of an animal alleged to have been killed by a railroad company exceeds its market value as shown by the testimony, it is excessive and will be set aside.

Appeal from the Circuit Court for Putnam county.

The facts of the case are stated in the opinion of the court.

*J. R. Parrott* for Appellant.

*Geo. P. Fowler* for Appellee.

MABRY, J. :

The appellee sued the appellant company in the Fifth Judicial Circuit for Putnam county, for the alleged negligent killing of a certain Jersey cow. The pleas were the general issue, and that the defendant company did not own, use or operate any railroad at the place where the cow was alleged to have been killed. The case was referred to a referee, who, after hearing the evidence, rendered a judgment against the company in favor of the plaintiff, Frederick A. Garrison, for four hundred dollars, besides costs of suit, from which judgment an appeal has been taken to this court. The judgment rendered in this case

can not be sustained. The only witnesses who testified in reference to the animal killed, were the plaintiff and H. Chancey. The latter was asked if he knew the value of the cow in question, in the general market of Putnam county, and answered that "she would be worth $300." He further stated that he knew the cow well, having been employed by the plaintiff to look after his cattle. The plaintiff stated, in answer to a question if he knew the market value of the cow, that "she was worth $350." This was all the evidence on the subject of value. The judgment was for four hundred dollars, besides costs of suit. The evidence does not sustain it, and the ground in the motion for a new trial, that the judgment was excessive, was well taken. The cow was killed in March, 1887, before the passage of the act of that year, Chapter 3742, and the suit was instituted in January, 1888. Without passing upon the sufficiency of the evidence in this case to fix liability on the company, the judgment is reversed for the reason above given.

The order will be that the judgment is reversed, and a new trial awarded.